# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ERIC MITCHELL BLANTON, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CV416-213 |
| THE STATE, | ) ) ) | |
| Respondent. | ) | |

## ORDER

Proceeding *pro se*, inmate Eric Mitchell Blanton has filed a mishmash of "habeas" filings relating to some sort of conviction(s?), doc. 1, but he failed to use a standard 28 U.S.C. § 2254 form -- which would otherwise force clarification (*e.g.*, the exact conviction he challenges, whether he has exhausted his state remedies, etc.). Finding him indigent, the Court **GRANTS** his motion for leave to proceed *in forma pauperis* (doc. 4) but **DENIES** all of his other motions. Docs. 2, 7, 8 & 14. Whatever habeas relief that he sought in them may be re-raised in a fully executed § 2254 petition.

Blanton must place within his prison's mail system a fully

completed (this means he must answer *all* questions) § 2254 form (the Clerk shall enclose a fresh form with this Order to him) within 30 days of the date this Order is served or face a recommendation of dismissal of this case for noncompliance under Fed. R. Civ. P. 41(b); L.R. 41(b) (authorizing dismissal for neglect of any Court order).[1] He is reminded that habeas petitioners:

> cannot simply laundry-list their claims and hope that the court will develop (hence, litigate) them on their behalf. *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations). *Jeffcoat v. Brown*, 2014 WL 1319369 at * 8 (S.D. Ga. Mar. 27, 2014); *Bartley v. United States*, 2013 WL 6234694 at * 2–3 (S.D. Ga. Dec. 2, 2013) (§ 2255 claims bereft of argument and citation to the record may be denied on pleading-deficiency grounds alone); *see also Johnson v. Razdan*, [564 F. App'x 481, 484 (11th Cir. 2014) ] ("Although *pro se* briefs are to be construed liberally, a pro se litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal.").

*Eubank v. United States*, 2016 WL 750344 at * 2 (S.D. Ga. Feb. 25, 2016).

---

[1] Blanton has sent letters to this Court. Docs. 17 & 18. They are not welcome. Parties should submit to this Court formal complaints, petitions, motions, briefs, and Fed. R. Civ. P. 72(b)(2) Objections, *not* letters. Fed. R. Civ. P. 7(b)(1) (requires that requests for judicial action be made "by motion."). Letters also can get lost, while complaints, motions and briefs are filed in the record of each case. This creates a public record of a matter presented for the Court's consideration. *See In Re: Unsolicited Letters to Federal Judges*, 126 F. Supp. 2d 1073 (S.D. Ga. 2000).

2

Put another way, Blanton's "allegations must be factual and specific, not conclusory. Conclusory allegations are simply not enough to warrant a hearing." *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (applying a heightened pleading requirement in habeas cases and noting that "[t]he evidence supporting an ineffective assistance of counsel claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition."); *Gerwald v. United States*, 2014 WL 1681506 at * 3 n. 5 (S.D. Ga. Apr. 28, 2014).

**SO ORDERED,** this 6th day of January, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA