# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| ERIC MITCHELL BLANTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV416-213 |
| | ) | |
| THE STATE, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Proceeding *pro se*, inmate Eric Mitchell Blanton has filed a mishmash of "habeas" filings relating to some sort of conviction(s?), doc. 1, but he failed to use a standard 28 U.S.C. § 2254 form -- which would otherwise force clarification (*e.g.*, the exact conviction he challenges, whether he has exhausted his state remedies, etc.). The Court directed him to file anew, on a court-supplied § 2254 petition form. Doc. 19. He now says he did not receive one, doc. 21 at 2, and the docket fails to reflect that he in fact was sent one.

Meanwhile, Blanton has filed a "Notice of Appeal," doc. 21, as well as a "Motion to Invoke 18 U.S.C. § 3006(a)(2)(B)." Doc. 20. The appeal notice is misnamed; Blanton simply seeks reconsideration of the Court's

last Order, and the Court denies same. Still, the Clerk has processed the appeal, which most certainly faces dismissal on nonfinality grounds.

In any event, the Court again **DIRECTS** the Clerk to send Blanton a § 2254 form. Blanton must place within his prison's mail system a fully completed (this means he must answer *all* questions) § 2254 form (the Clerk shall enclose a fresh form with this Order to him) within 30 days of the date this Order is served or face a recommendation of dismissal of this case for noncompliance under Fed. R. Civ. P. 41(b) and L.R. 41(b) (authorizing dismissal for neglect of any Court order). Blanton's § 3006(a)(2)(B) motion, which is really just a motion for appointment of counsel,[1] is **DENIED**. Doc. 20.

Finally, the Court again reminds Blanton that habeas petitioners:

> cannot simply laundry-list their claims and hope that the court will develop (hence, litigate) them on their behalf. *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations). *Jeffcoat v. Brown*,

---

[1] "[F]ederal courts generally appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial evaluation." *Shepherd v. United States*, 253 F.3d 585, 587 (11th Cir. 2001) (citing *Johnson v. Avery*, 393 U.S. 483, 487-88 (1969)). Blanton hasn't even filed such a petition and he otherwise makes no showing that he is entitled to counsel at the taxpayers' expense.

2014 WL 1319369 at * 8 (S.D. Ga. Mar. 27, 2014); *Bartley v. United States*, 2013 WL 6234694 at * 2-3 (S.D. Ga. Dec. 2, 2013) (§ 2255 claims bereft of argument and citation to the record may be denied on pleading-deficiency grounds alone); *see also Johnson v. Razdan*, [564 F. App'x 481, 484 (11th Cir. 2014)] ("Although *pro se* briefs are to be construed liberally, a pro se litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal.").

*Hopkins v. United States*, 2014 WL 2624425 at *1 n. 3 (S.D. Ga. June 12, 2014); *see also Eubank v. United States*, 2016 WL 750344 at * 2 (S.D. Ga. Feb. 25, 2016) (same).

Put another way, Blanton's "allegations must be factual and specific, not conclusory. Conclusory allegations are simply not enough to warrant a hearing." *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (applying a heightened pleading requirement in habeas cases and noting that "[t]he evidence supporting an ineffective assistance of counsel claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition."); *Gerwald v. United States*, 2014 WL 1681506 at * 3 n. 5 (S.D. Ga. Apr. 28, 2014).

**SO ORDERED**, this 27th day of January, 2017.

*[Signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA