# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| ERIC MITCHELL BLANTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV416-213 |
| | ) | |
| CHRISTOPHER CARR, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Eric Mitchell Blanton *pro se* filed a mishmash of "habeas" filings on a home-brewed petition, rather than a court-supplied 28 U.S.C. § 2254 form, so the Court directed him to use the court-supplied form and answer all of its questions. Doc. 19 at 1-2. Rather than comply, he filed a "Durable Power of Attorney" appointing Bill and Melinda Gates to be his attorneys-in-fact. Doc. 25. And in a "Notice of Filing," he appears to have sent document requests to various Georgia courts. Doc. 26.

The Court thus advised that Blanton's petition be dismissed under Fed. R. Civ. P. 41(b), L.R. 41(b), and relevant case law. Doc. 28. Blanton then filed a 28 U.S.C. § 2254 petition, doc. 29, followed by a Fed. R. Civ. P.

72(b)(2) Objection (insisting that it "makes sense" to appoint Bill and Gates as his attorneys in fact), doc. 30, plus a "Motion For Preliminary Injunction, insisting that he's filed important documents with FBI Director James Comey and the U.S. Supreme Court to protect his father, Mitchell Wade Blanton, from "elder abuse." Doc. 33. Because Blanton's Objections and "Amended Petition" reveal new information, the Court **VACATES** its previous Report and Recommendation (R&R), doc. 31, and replaces it with this.

Blanton's latest filings are hard to follow, but he seems to be challenging convictions in Toombs County and Appling County, Georgia. Doc. 29 at 1. This Court just addressed the Toombs County case in *Blanton v. Olens*, CV616-124-JRH-RSB, doc. 31 (S.D. Ga. Apr. 25, 2017) (advising dismissal of habeas challenge of the same convictions), so Blanton's latest filing is simply a wastefully manipulative attempt at a second bite.[1] That's not surprising, since Blanton is a twice-declared, 28 U.S.C. § 1915(g) "three-striker." *Blanton v. Olens*, 2016 WL 4411522 (S.D. Ga. May 20, 2016), *adopted*, 2016 WL 3771247 (S.D. Ga. July 11,

---

[1] Blanton filed his 108-page "Motion to Invoke 28 U.S.C. § 2254(b)(1)(B) in the Savannah Division of this Court. Doc. 1. It was unclear what conviction he was challenging, so the Court directed him to clarify. Doc. 19.

2016), *appeal dismissed*, No. 16-15414 (11th Cir. Aug. 31, 2016); *Blanton v. Olens*, 2016 WL 4411522 at *2 (S.D. Ga. July 15, 2016), *adopted*, 2016 WL 4414797 (S.D. Ga. Aug. 16, 2016), *appeal dismissed*, No. 16-15739 (11th Cir. Sept. 27, 2016).

Blanton has challenged his Appling County conviction before, and this Court dismissed it on exhaustion grounds. *Blanton v. Deloach*, 2016 WL 1090605 at * 3 (S.D. Ga. Mar. 18, 2016) (advising dismissal, on exhaustion grounds, of § 2254 petition challenging Appling County conviction), *adopted*, 2016 WL 3453432 (S.D. Ga. June 17, 2016), *appeal dismissed*, No. 16-15032 (11th Cir. Jan. 11, 2017). In his latest petition, he blends the Toombs and Appling County histories together to create a "Frankenclaim" that, suffice it to say, fails to show exhaustion. And Blanton, who unsuccessfully sued public defenders connected to that case, *Blanton v. Butler*, 2015 WL 6870125 at * 1 (S.D. Ga. Nov. 6, 2015), has already been instructed on how to plead exhaustion. *Deloach*, 2016 WL 1090605 at * 3.

Blanton's § 2254 petition, as amended, therefore must be **DISMISSED**. Docs. 1 & 29. In the meantime, the Court **DENIES** as

facially frivolous his preliminary injunction motion. Doc. 33. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this

R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 2nd day of May, 2017.

_J.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA